D. J. McCoy ET AL *v.* WILLIAM CORUM.

**Clerks of Courts—Indexes—Cross-indexes—Who to Pay For.**
    It is the duty of circuit clerks to make original indexes to his records and he can not legally demand pay therefor. Neither the law nor the court required or authorized the circuit clerk to make a cross-index and if he made one he has no legal claim for compensation upon either the state or county.

**Same—Special Enactment—Permissive Only.**
    The special enactment directing Greenup county to pay for cross-indexes of circuit clerk's office must be construed as permissive only and not mandatory.

APPEAL FROM GREENUP CIRCUIT COURT.

February 13, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

In July, 1855, the Greenup circuit court ordered its clerk, Corum, to procure books and have the *indexes to its judgments* transcribed, because the old indexes "were torn and in a worn-out and ruinous condition, so that they could not be bound," and that *"the expense thereof shall be paid by the treasury of the State."* Corum had new indexes and cross-indexes made of records from said July term down to the year 1862, inclusive, and presented an account against the State therefor for $300, which the court allowed, but which the State Auditor properly rejected, because not within the provisions of section 9, chapter 35, 1 Stant. Revised Statutes, 466, which only allowed for the transcribing of *old* records and books, when torn, obliterated, etc., and not for

making new indexes to original records to be made in the future.

Corum then presented the account to the county court of Greenup for allowance out of the county treasury which it properly rejected. He then filed a petition in the circuit court to obtain a mandamus to compel the county court to make the allowance, which the court dismissed upon demurrer.

He then obtained a special enactment authorizing said county court to make the allowance, and subsequently an appeal was allowed from the order or judgment of county courts rejecting a claim. He then again presented his claim to the county court, which again rejected it, and he appealed to the circuit court, which reversed the order of the county court, and ordered it to allow the claim, which appellants, as justices of the county court, seek to reverse in this court.

The indexes and cross-indexes charged for were of his records made after said circuit court order; therefore, not authorized by it or any existing law; nor were they made at the instance of the county court, nor for the benefit of the county, but, at least so far as the indexes were concerned, made for his own convenience as clerk and as part of his duties as such. How could he turn to the various orders and judgments of the court in the various cases without an index? And what clerk who knows his duties and keeps his records in a business manner, does not keep indexes? It is true there is no statute known to us requiring circuit clerks to keep cross-indexes as is required by section 34, chapter 241, Stant. Revised Statutes, 285, of county clerks, yet no extra allowance is to be paid the county clerks for discharging a duty required by law, when neither the law nor the court required or authorized the circuit clerk to make a cross index, we are at a loss to see how he can legally demand pay therefor, and as to the original index it was his duty to keep one for his own and the court's and litigants' convenience as part of his official obligations.

When, therefore, Corum, without the authority of the circuit court, and not at the instance of the county court, but of his own mere option, made out cross-indexes, he had no legal claim for compensation upon either the State or county, but the legislature having a general power of appropriation could direct payment out of the State treasury, but could not legislate upon Greenup county a debt which she was under neither a legal nor moral obligation to pay, as the services rendered relate to the circuit court records,

the expenses of which are a charge upon the State treasury.    The special enactment, therefore, must be construed as permissive and granting authority to the county court, but not mandatory; hence, had the county court made the allowance, we should not perhaps feel authorized to interfere, but as the county court still in the exercise of its legal and judicial discretionary power rejected the claim, we do not see how the circuit court or this court could disturb its judgment.

Wherefore, the judgment of the circuit court is reversed, with directions to dismiss the appeal of Corum.

*Filson & Corum, for appellants.*

*Ireland, for appellee.*

